## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ENCARNACION, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:26-cv-696 |
| | ) | Judge Stephanie L. Haines |
| MICHAEL ROSE *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## <u>MEMORANDUM ORDER</u>

Michael Encarnacion ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") on April 17, 2026, (ECF No. 1).  On April 20, 2026, the Court ordered service of the Petition (ECF No. 2).  Jennifer L. Peresie, of the United States Attorney's Office entered her appearance for Respondents on April 21, 2026 (ECF No. 3) and on April 23, 2026, Respondents, filed a Response (ECF No. 4).  Respondents informed the Court that Petitioner had already received an individualized bond hearing on March 19, 2026, pursuant to a Court Order at *Encarncacion v. Rose*, 3:26-cv-378 (Stickman, J.), thus the current Petition requesting the same relief is moot.[1]

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody.  *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013).  It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to

---

[1] In a hearing on March 19, 2026, an Immigration Judge denied Petitioner's request for release on bond because Petitioner was found to be a flight risk.  ECF No. 4-1.

be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's current Petition is factually identical and seeks the same relief as Petitioner's previous Petition, which has been fully adjudicated, there is no remedy that this Court can provide. Therefore, the Petition and any pending motions are moot. If Petitioner seeks another bond hearing because he is unhappy with the outcome of the first bond hearing, filing a new Petition is improper.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 14th day of May, 2026, IT IS ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) hereby is DISMISSED as moot; and,

The Clerk of Court is to mark this case Closed.

Stephanie L. Haines
United States District Judge

2